

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Tjioe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5382

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tjioe v. Atty Gen USA" (2007). *2007 Decisions.* Paper 72.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/72

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5382

———

HWIE T. TJIOE,

*Petitioner*

v.

ATTORNEY GENERAL
OF THE UNITED STATES

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A96-266-101
(Honorable Miriam K. Mills, Immigration Judge)

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG, and VAN ANTWERPEN, Circuit Judges.

(Filed:   December 13, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*

Petitioner Hwie Tjing Tjioe, a native and citizen of Indonesia, seeks review of the November 14, 2005, Order of the Board of Immigration Appeals ("BIA") that affirmed without opinion the Immigration Judge's ("IJ") denial of her application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a), and for the reasons set forth below, we will deny the petition.

I.

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis.

Tjioe entered the United States on October 9, 1999, as a non-immigrant visitor and was authorized to remain temporarily until April 8, 2000. On April 7, 2003, Tjioe filed her Form I-589 application, seeking asylum and withholding of removal on the basis of race and religion, and for CAT protection, and attached a seven page statement and reports on the country conditions in Indonesia. On June 5, 2003, the Department of Homeland Security served her with a Notice to Appear ("NTA"), charging Tjioe with removal pursuant to 8 U.S.C. § 1227(a)(1)(B).

On July 6, 2004, Tjioe appeared before the IJ for a merits hearing, and withdrew her asylum claim due to untimeliness. Tjioe repeated her request for withholding of removal and CAT protection, and alternatively requested voluntary departure.

On July 6, 2004, at the merits hearing, Tjioe was the only witness on her behalf. The IJ permitted Tjioe to use her seven page statement from her asylum application in

1

lieu of her testimony, subject to cross and redirect examination. Consistent with her asylum application, Tjioe testified that she was raped in 1984 and was sexually assaulted on Christmas Eve of 1998. Tjioe also testified for the first time during the hearing that she left Indonesia because she was subjected to harassment constantly because she was an ethnic-Chinese woman, despite not including this information in her asylum application. Tjioe also testified that she is the subject of harassment due to her status as a Catholic, but was unable to differentiate between the Old and New Testament upon cross examination.

The IJ ordered the request for asylum withdrawn for untimeliness, and denied Tjioe's applications for withholding of removal and protection under the CAT. However, the IJ did grant her voluntary departure. The IJ reached these conclusions both because she found some of Tjioe's testimony to be incredible and because she found that Tjioe failed to carry her burden of proof. App. at 26-35.

Tjioe appealed the IJ's decision to the BIA, raising only three issues: (a) whether the denial of this withholding claim is based on substantial evidence, considering the whole record; (b) whether Respondent has presented a clear probability of persecution to support her withholding claim; and (c) whether the Convention Against Torture provides protection to this Respondent because of her past persecution. App. at 20. The BIA summarily affirmed and adopted the IJ's decision. App. at 2. Tjioe has petitioned this Court for review.

II.

This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Tjioe timely filed

2

her petition. 8 U.S.C. § 1252(b)(1). Venue is proper under 8 U.S.C. § 1252(b)(2).

Our review is limited to the opinion and reasoning of the IJ, because "[w]hen the BIA affirms an IJ without opinion, we review the IJ's opinion. . . ." *Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005) (internal quotation and citation omitted).

III.

In her petition for review, Tjioe challenges the removal decision on due process grounds, claiming the IJ's decision failed to meet the fundamental requirements of due process because the decision did not constitute an individualized determination of the evidence presented on the record.[1] However, the issue is whether this Court lacks jurisdiction to hear this claim because it was not exhausted at the administrative level.

*A. Exhaustion of Remedies*

"Section 1252(d)(1) provides for judicial review of final orders of removal 'only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'[2] Thus an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."

---

[1] "In administrative contexts . . . due process requires three things. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotations and citations omitted).

[2] "A claim is 'available as of right' if . . . (1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien." *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005).

*Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003).

An exception to the exhaustion requirement exists "when the petitioner advances a due process claim." *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990); *see also Khan v. Att'y Gen.*, 448 F.3d 226, 236 n.8 (3d Cir. 2006). "[D]ue process claims generally are exempt from [the exhaustion requirement] because the BIA does not have jurisdiction to adjudicate constitutional issues." *Bonhometre v. Gonzales*, 414 F.3d 442, 448 n.7 (3d Cir. 2005) (*citing Vargas v. U.S. Dep't of Immigration and Naturalization*, 831 F.2d 906, 908 (9th Cir. 1987)). Not all due process claims are exempt from the exhaustion requirement, however. "[W]here a 'due process claim amounts to a procedural error correctable through the administrative process,' we consider whether the correctable error was raised below for exhaustion purposes." *Khan*, 448 F.3d at 236 (*citing Sewak*, 900 F.2d at 670); *see also Bonhometre*, 414 F.3d at 448 n.7.

In *Bonhometre*, the applicant essentially argued that the IJ "failed in its duty to completely develop [the] case" and requested that the Court remand the case to correct this alleged due process error. *Bonhometre*, 414 F.3d at 448. This Court recognized that "the BIA has the ability to conduct *de novo* review of an immigration proceeding and the subsequent decision of the IJ . . . and has sufficient expertise in this area to be eminently capable of addressing whether the IJ properly explored all avenues of relief that were available." *Id.* Because the BIA had the power to remand for a new trial based upon the applicant's claims, the Court in *Bonhometre* ruled that they were without jurisdiction due to the applicant's failure to exhaust the claims. *Id.*

4

Tjioe's claim before this Court, like the claim in *Bonhometre*, could have been the basis for a remand if properly raised before the BIA. 8 C.F.R. § 1003.1. Therefore, if Tjioe's procedural due process claim was not properly raised before the BIA, this Court is without jurisdiction and must deny the petition for review.

Tjioe must have sufficiently presented the issue to the BIA in order to have properly exhausted her administrative remedies. "So long as an immigrant petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005) (*citing Bhiski v. Ashcroft*, 373 F.3d 363, 367-78 (3d Cir. 2004)). Such notice can be provided to the BIA either through the Notice of Appeal or through a brief filed in support of the Notice of Appeal. *Yan Lan Wu*, 393 F.3d at 422.

Tjioe's Notice of Appeal was insufficient to put the BIA on notice of her due process claim. Tjioe's Notice of Appeal merely raised the issue of sufficiency of evidence. App. at 20. In addition, in Tjioe's brief filed in support of the Notice of Appeal, Tjioe again only raised the issue of sufficiency of evidence. App. at 5-11. By contrast, Tjioe's due process claim does not deal with the issue of sufficiency of evidence, but rather deals with whether the IJ actually took into consideration Tjioe's evidence and claims. *See Abdulai*, 239 F.3d at 549 ("A decisionmaker must 'actually consider the evidence and argument that a party presents.'").

Neither the Notice of Appeal nor the brief was sufficient to put the BIA on notice

5

that Tjioe was challenging the manner in which her hearing was conducted. Therefore, this Court is without jurisdiction to hear Tjioe's due process claim that she was denied an "individualized determination."

### B. Merits of Due Process Claim

Even if we did have jurisdiction to hear the due process claim, we have reviewed the claim and have determined that it is without merit.[3]

### IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, Tjioe's petition for review will be denied.

---

[3] To prevail on the due process claim, Tjioe "bears the burden on proving that 'the [IJ] did not review the record when it considered the appeal.'" *Abdulai*, 239 F.3d at 550. The IJ's decision does not support this claim. In addition, we note that the IJ's decision denying withholding of removal and CAT relief was supported by substantial evidence. *Chang v. INS*, 119 F.3d 1055, 1060 (3d Cir. 1997).

6